FILED
CLERK, U.S. DISTRICT COURT

JAN 29 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FREDDY OSVALDO FAJARDO,<br>  aka "Parientillo,"<br><br>Defendant. | CR No. **2:25-CR-00068-GW**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(o)(1): Possession of a Machinegun; 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(a)(1)(A)]

Beginning on a date unknown but no later than on or about November 22, 2022, and continuing to at least on or about April 13, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant FREDDY OSVALDO FAJARDO, also known as "Parientillo," not being a licensed importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing

in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
|---|---|
| November 22, 2022 | (1) a Ruger, model Ruger-57, 5.7x28 caliber pistol, bearing serial number 641-97085; and (2) a Polymer80 model PF940C, 9mm caliber pistol that lacked a serial number (commonly referred to as a "ghost gun") |
| November 30, 2022 | (1) a black and teal, privately manufactured ghost gun pistol; and (2) a black and red, privately manufactured ghost gun pistol |
| January 12, 2023 | (1) a Romarm/Cugir, model WASR-10, 7.62 caliber rifle, bearing serial number A1-7107-13 RO; and (2) a Maverick Arms, model 88, 12 gauge shotgun, bearing serial number MV51269N |
| March 23, 2023 | a black and green, privately manufactured, Polymer80, model PF940V2, 9mm caliber ghost gun pistol equipped with a machinegun conversion device that caused it to be a machinegun |
| March 29, 2023 | (1) a SSCY, model CPX-2, 9mm caliber pistol, bearing serial number 781064; and (2) a Polymer80, model PF940V2, 9mm caliber ghost gun pistol |
| April 13, 2023 | a Polymer80, model PF940C, 9mm caliber ghost gun pistol |

COUNT TWO

[18 U.S.C. § 922(o)(1)]

On or about March 23, 2023, in Los Angeles County, within the Central District of California, defendant FREDDY OSVALDO FAJARDO, also known as "Parientillo," knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), which defendant FAJARDO knew to be a machinegun, namely, a Polymer80, model PF940V2, 9mm caliber pistol that lacked a serial number (commonly referred to as a "ghost gun"), equipped with a machinegun conversion device (also known as a "Glock switch, "trigger switch," "auto switch," or "auto sear") that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about April 13, 2023, in Los Angeles County, within the Central District of California, defendant FREDDY OSVALDO FAJARDO, also known as "Parientillo," knowingly and intentionally distributed at least fifty grams, that is, approximately 888 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[18 U.S.C. § 922(o)(1)]

On or about June 1, 2023, in Los Angeles County, within the Central District of California, defendant FREDDY OSVALDO FAJARDO, also known as "Parientillo," knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), which defendant FAJARDO knew to be a machinegun, namely, a machinegun conversion device (also known as a "Glock switch, "trigger switch," "auto switch," or "auto sear") that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One, Two, and Four of this Indictment.

2. Defendant, if so convicted, shall forfeit to the United States of America the following:

   a. All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//
//

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), the convicted defendant shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

8

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDRA SLOAN KELLY
Assistant United States Attorney
General Crimes Section